IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

                Plaintiff,                        ORDER

        v.                               99-cr-37-bbc-03

TREVOR BJORKMAN,

                Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

A hearing on the probation office's petition for judicial review of Trevor Bjorkman's supervised release was held on November 16, 2011, before U.S. District Judge Barbara B. Crabb. The government appeared by U.S. Attorney John W. Vaudreuil. Defendant was present in person and by counsel, Supervisory Associate Federal Defender Michael W. Lieberman. Also present was Asst. Deputy Chief U. S. Probation Officer Michael Harper.

From the record and the parties' stipulation, I make the following findings of fact.

FACTS

Defendant was sentenced in the Western District of Wisconsin on August 25, 1999, following his conviction for conspiracy to possess with intent to distribute and to distribute marijuana, a Schedule I controlled substance, in violation of 21 U.S.C. § 841(a)(1). This offense is a Class B felony. Defendant was committed to the custody of the Bureau of Prisons to serve a term of imprisonment of 146 months, with a five-year term of supervised release to follow.

Defendant began his term of supervised release on May 3, 2011. On July 19, 2011, a Petition was filed with the court requesting the issuance of a warrant for defendant based on a violation of Special Condition No. 2, which required him to abstain from the use of alcohol. On August 18, 2011, defendant agreed to the modification of his conditions of supervised release as an alternative to revocation. On August 22, 2011, I added Special Condition No. 6, which required defendant to spend up to 180 days in a residential reentry center, Special Condition No. 7, which prohibited him from having contact with his ex-wife Traci Rae Spencer Bjorkman, and Special Condition No. 8, which required him to participate in mental health treatment. I also dismissed the petition recommending a judicial review, filed on July 19, 2011.

Defendant violated Special Condition No. 6, requiring him to spend up to 180 days in a residential reentry center when he was discharged from Farhman Center in Eau Claire, Wisconsin, for major rule violations. Defendant also violated Special Condition No. 7, prohibiting him from having contact with his ex-wife Traci Rae Spencer Bjorkman as evidenced by his speeding citation (Wisconsin State Patrol Citation No. P983555-6) issued on September 25, 2011, while he was driving Ms. Spencer Bjorkman's 2010 Volkswagen with Ms. Spencer Bjorkman as a passenger. Defendant also violated Statutory Condition No. 1, prohibiting him from leaving the judicial district without the permission of the court or probation officer when he was in Traci Rae Spencer Bjorkman's home in Hugo, Minnesota on November 5, 2011.

Defendant's conduct falls into the category of a Grade C violation. Section 7B1.3(a)(2) of the advisory guidelines provides that upon a finding of a Grade C violation, the court may revoke supervised release, extend the term of supervised release or modify the conditions of supervision.

## CONCLUSIONS

Defendant's violations warrant revocation. Accordingly, the five-year term of supervised release imposed on defendant on August 25, 1999, will be revoked.

Defendant's criminal history category is VI. With a Grade C violation, defendant has an advisory guideline term of imprisonment of 8 to 14 months. The statutory maximum to which defendant can be sentenced upon revocation is 36 months, pursuant to 18 U.S.C. § 3583(e)(3), which provides that a person whose term of supervised release is revoked may not be required to serve more than three years if the offense for which a defendant was sentenced previously was a Class B felony.

After reviewing the non-binding policy statements of Chapter 7 of the Sentencing Guidelines, I have selected a sentence at the top of the guideline range. The purpose of this sentence is to hold defendant accountable for his behavior and to protect the community.

ORDER

IT IS ORDERED that the period of supervised release imposed on defendant on August 25, 1999, is REVOKED and defendant is committed to the custody of the Bureau of Prisons for a term of 14 months.  No term of supervised release shall follow.

Defendant does not have the financial means or earning capacity to pay the cost of his incarceration.

Entered this 17th day of November, 2011.

BY THE COURT:
/s/
Barbara B. Crabb
U.S. District Judge